**Linda HYATT, Plaintiff—Appellant,**

v.

**Robert AUMAUGHER; Eureka County School District, Defendants—Appellees.**

No. 03–16611.

D.C. No. CV–01–00495–RAM.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2005.*

Decided March 16, 2005.

Brian R. Morris, Jeffrey A. Dickerson, Reno, NV, for Plaintiff–Appellant.

Rebecca Bruch, Erickson Thorpe & Swainston, Reno, NV, David B. Lockie, Lockie & MacFarlan, Ltd., Elko, NV, for Defendants–Appellees.

Before NOONAN, THOMAS and FISHER, Circuit Judges.

### MEMORANDUM**

Dr. Linda Hyatt appeals the magistrate judge's order granting summary judgment to defendants Robert Aumaugher and Eureka County School District on her unlawful retaliation claims brought under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(d). We affirm.

Hyatt cannot prevail on her § 1983 claim predicated on the First Amendment because she has not raised a triable issue of fact as to whether her EEOC complaint or her rebuttal was a substantial motivating factor for any adverse employment action taken against her. *See Ulrich v. City & County of San Francisco,* 308 F.3d 968, 976 (9th Cir.2002). Aumaugher articulated specific concerns about Hyatt's performance long before Hyatt filed her complaint with the EEOC. Hyatt has presented no evidence to prove that Aumaugher had retaliatory rather than legitimate administrative motives when he insisted on medical verification for her lengthy absence. Hyatt has not provided sufficient evidence to survive summary judgment on her allegation that the defendants terminated her in retaliation for her rebuttal rather than because of her performance deficiencies.

The district court also properly granted summary judgment on Hyatt's ADA and ADEA retaliation claims. Hyatt has not raised a triable issue of fact as to whether but for her EEOC Complaint, "any of the adverse employment actions taken against her would not have occurred." *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1064–65 (9th Cir.2002) (stating that to establish causation plaintiff "must show by a preponderance of the evidence that engaging in the protected activity was one of the reasons for [his] firing and that but for such activity [he] would not have been fired") (citation and internal quotation marks omitted) (alteration in original).

The judgment of the district court is **AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.